UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

TROPICAL SUPERMARKET NO. 13, INC.
d/b/a Presidente Supermarket #13, and
POAVRO INVESTMENTS LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Tropical Supermarket No. 13, Inc. doing business as Presidente Supermarket #13 and Defendant Poavro Investments LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Tropical Supermarket No. 13, Inc. (also referenced as "Defendant Tropical," "operator," lessee" or "co-Defendant") a Florida for profit corporation and is the owner and operator of the Presidente Supermarket #13 located at 4275 W Flagler Street, Miami, Florida 33134. On information and belief, Tropical Supermarket No. 13, Inc. is affiliated with other corporate entities which own and operate the thirty Presidente Supermarkets located in Miami-Dade, Broward and Palm Beach counties.

6. Defendant Poavro Investments LLC (also referenced as "Defendant Poavro," "lessor," "owner," or "co-Defendant") is a Florida limited liability company which is the owner of real property identified as Folio 01-4105-027-0100 which built out as a supermarket and Folio 01-4105-027-0230 which is adjacent to the supermarket and which is developed as a parking lot which services the supermarket. Jointly these properties are referenced by the address 4275 W Flagler Street, Miami Florida 33134.

**FACTS**

7. At all times material hereto, Defendant Poavro's commercial real property has been leased to co-Defendant Tropical which in turn has operated its Presidente supermarket within that leased space.

8. Presidente supermarket is a regional supermarket chain which serves the Latin community in South Florida which is known for its selection of food and dry goods imports from Central and South America. Presidente supermarkets also sell Latin style prepared foods and baked goods and contain an area for sitting and eating the prepared foods sold within the supermarket. Accordingly, the Presidente supermarket located at 4275 W Flagler Street is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) since it is a as a bakery, a grocery store and an "other" sales establishment. Presidente Supermarket #13 is also referenced as "Presidente supermarket located at 4275 W Flagler Street," "supermarket," or "place of public accommodation."

9. At all times material hereto, Defendant Tropical was (and is) a company owning and operating a supermarket under the "Presidente" brand which is open to the public. As the operator of a supermarket which is open to the public, Defendant Tropical is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

10. Due to the Plaintiff frequenting the area in and around 4275 W Flagler Street where Presidente Supermarket #13 is located, on August 5, 2021 Plaintiff went to the supermarket with the intent of purchasing groceries.

11. On patronizing the Presidente supermarket located at 4275 W Flagler Street, Plaintiff was denied full and equal access by the operator of the supermarket (Defendant Tropical) and by the owner of the commercial property which houses the supermarket (Defendant Poavro) as follows:

    a. on entering the supermarket parking lot, Plaintiff had difficulty perambulating to the entrance due to an obstruction and a non-compliant curb ramp,

    b. intending to sit within the supermarket to enjoy his prepared food purchase, Plaintiff was unable to do so based on the non-compliant seating facilities, and

    c. when using the restroom, Plaintiff encountered multiple areas of inaccessibility because he uses a wheelchair for mobility.

12. On information and belief, Defendant Tropical is well aware of the ADA and the need to provide for equal access in all areas of its supermarket. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that the Presidente supermarket located at 4275 W Flagler Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of commercial real property which is operated as a supermarket open to the public, Defendant Poavro is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Poavro is aware of the ADA and the need to provide for equal access in all areas of its

commercial properties which are open to the public. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Presidente supermarket located at 4275 W Flagler Street, but continues to be injured in that he continues to suffer discrimination due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years has passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  (ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

  (iii)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

  42 U.S.C. §12101(b)(1)(2) and (4).

  20. Prior to the filing of this lawsuit, Plaintiff personally visited Presidente Supermarket #13 in order to purchase groceries, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers when parking and perambulating into the supermarket, while intending to sit in the designated section, and when using the restroom. Therefore, Plaintiff has suffered an injury in fact.

  21. Defendant Tropical (operator of Presidente Supermarket #13) and Defendant Poavro (owner of the commercial property) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the supermarket, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

  22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Presidente supermarket located at 4275 W Flagler Street.

  23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial property built out as a supermarket and the adjacent parking lot which is owned by Defendant Poavro and which is leased to and operated by Defendant Tropical is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), Plaintiff had difficulty exiting his vehicle due to an obstruction being a traffic cone, which encroached into the designated accessible parking space access aisle. The traffic cone encroaching over the accessible parking space access aisles is a violation of Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards for Accessible Design.

   ii. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), Plaintiff had difficulty perambulating to the supermarket from the parking lot, as the curb ramp was obstructed by shopping carts which blocked the accessible route from the designated accessible parking spaces to the entrance of the supermarket. This is a violation of Section 4.3.2(2) of the ADAAG which states: "at least one accessible route shall connect accessible buildings … and

       spaces that on the same site" and Section 403.5.1 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), Plaintiff was unable to sit in the interior of the supermarket and enjoy his food purchase due to Defendant's failure to provide interior seating which is accessible, in violation of 28 C.F.R. Part 36, Section 4.32 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), failure to have permanently designated interior spaces with proper signage, as the signage does not provide braille or raised characters, which is in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative of Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

vi. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the fact that there are store items (air freshener and cleaning brush) mounted over the rear wall grab bar.  These items mounted over the rear wall grab bar impinge on the clearance and is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

viii. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet paper dispenser is mounted over the side wall grab bar which infringes on the required space. This is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 604 of the 2010 Standards for Accessible Design. Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow.  The subject toilet paper dispenser is in violation of these sections.

x. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor of the property) (jointly and severally), plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped (outside the stall) which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xi. As to Defendant Tropical (lessee/operator) and Defendant Poavro (owner/lessor) (jointly and severally) Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R.

Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

26.     Pursuant to 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Presidente supermarket located at 4275 W Flagler Street and the adjacent parking lot accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant Poavro Investments LLC (owner of the commercial property) and Defendant Tropical Supermarket No. 13, Inc. (operator of the Presidente Supermarket at that commercial property) and requests the following relief:

   a)     The Court declare that Defendants have violated the ADA;

   b)     The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

   c)     The Court enter an Order requiring Defendants to alter the Presidente supermarket located at 4275 W Flagler Street and the adjacent parking lot such they become accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

   d)     The Court award reasonable costs and attorney's fees; and

   e)  The Court award any and all other relief that may be necessary and appropriate.

Dated this 27th day of September 2021.

                Respectfully submitted,

<u>*/s/ J. Courtney Cunningham*</u>
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*